### BELTON v. HALSEY.

A submission of an action to referees by rule of court, is revocable by either of the parties. And where an action is referred to arbitrators, to make return to the next court, and the court adjourns with the cause, the commission of the referees expires with the adjourned court.

ERROR to reverse a judgment of the County Court in an action on book, Halsey v. Belton. At November court 1789 referees were agreed upon and appointed, and said cause

adjourned to February court, and from thence continued to June court A. D. 1790 without a reappointment.    On the 2d of June the referees summoned the parties to attend them.    Belton remonstrated against their proceeding, and declared that he revoked their power — they notwithstanding proceeded; made and returned their award to court — against which he remonstrated, and moved that the action might be called, that he might be defaulted — but said court accepted said award and gave judgment accordingly.

Errors assigned — 1st. That the power of said referees had expired and was revoked.    2d, That the court ought to have called the case and defaulted the defendant. 3d, That said award ought to have been set aside.    4th, That the defendant had no day in court.

Judgment — Manifest error; for the submission was revoked and had run out.    An adjourned court is a distinct term, for many purposes, as much as a stated court; the one is constituted immediately by the law, the other mediately by the judges.